IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PRENTIS YOUNG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 5:13-CV-0158-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| DONALD UNDERWOOD, et. al., | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

## ORDER & RECOMMENDATION

Plaintiff Prentis Young, a state prisoner currently confined at the Wheeler Correctional Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and paid an initial filing fee of $7.51 as required by 28 U.S.C. § 1915(b)(1). Plaintiff shall pay the remaining balance of the filing fee as directed later in this Order and Recommendation. For this reason, the Clerk is directed to mail a copy of this Order to the custodian of the prison in which Plaintiff is presently incarcerated.

The undersigned has also now completed a preliminary review of Plaintiff's Complaint and Supplement (ECF Nos. 1 & 5), pursuant to 28 U.S.C. § 1915A(a), and will allow Plaintiff's claims against Defendant Castillo to proceed. It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Underwood and Myrick be **DISMISSED** for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

The present action arises out of an alleged deliberate indifference to Plaintiff's health and safety and a denial of medical care. In his Complaint, Plaintiff alleges that he was attacked and stabbed by other inmates and that Defendant Officer Castillo both assisted those inmates in obtaining access to him and watched the assault. Defendant Castillo then allegedly denied Plaintiff medical care for his serious injuries. Plaintiff subsequently filed a grievance and received an "unsatisfactory" response from Warden Donald Underwood and Director of Investigations Ricky Myrick.

When construed liberally and in his favor, Plaintiff's allegations are sufficient to allow his §1983 claims against Defendant Castillo to go forward. It is thus **ORDERED** that service be made on this defendant and that he file an Answer, or such other response as may be appropriate. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Underwood and Myrick be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim. It is apparent, from his allegations, that Plaintiff named these defendants as parties because of their supervisory positions. To state a claim against a supervisory official, Plaintiff must allege that the supervisor "personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation."

*H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). Plaintiff has not made any such allegation or connection here. The mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983, *see Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007), and Defendants' participation in an after-the-fact review of Plaintiff's accusations against Officer Castillo is not enough to establish "personal involvement" in the alleged constitutional violation, *Pride v. Danberg*, No. 08–848–RK, 2009 WL 151535, *3 (D. Del. Jan.22, 2009). *See also, Wright v. City of Ozark*, 715 F.2d 1513, 1516 (11th Cir. 1983) ("the failure to investigate an accident/incident, without more, does not violate any constitutional rights").

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are

4

expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil

5

Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to

respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

It is hereby **ORDERED** that the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall

remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED, this 24th day of July, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE