IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PRENTIS YOUNG, | : | |
| Plaintiff, | : : | |
| vs. | : : | CASE NO. 5:13-CV-0158-MTT-MSH<br>42 U.S.C. § 1983 |
| OFFICER CASTILLO, | : : | |
| Defendant. | : | |

_____

**REPORT & RECOMMENDATION**

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on May 6, 2013. (ECF No. 1.) After a preliminary review of Plaintiff's claims, the only remaining defendant in the case is Officer Castillo. (Order & Recommendation 3, July 24, 2013, ECF No. 10; Order, Sept. 15, 2013, ECF No. 15.) On July 24, 2013, the Court directed service against Defendant Castillo. (Order & Recommendation 3.) A United States Marshals Service Process Receipt and Return was mailed on July 30, 2013, to Defendant Castillo, along with the Complaint and a summons, at the address provided by Plaintiff. (ECF No. 12.) This Process Receipt and Return was returned unexecuted because the Defendant no longer works at Baldwin State Prison. Defendant Castillo has therefore not been properly served in this action.

Consequently, on September 24, 2013, this Court entered an Order directing Plaintiff to provide the Court with Defendant Castillo's current address within thirty days. If Plaintiff could not obtain Defendant Castillo's address, he was directed to

"respond to [the Court's] Order with an explanation of his good faith efforts to ascertain Defendant's address."  (Order 2, Sept. 24, 2013, ECF No. 16.)  In response, Plaintiff explained that he sent a subpoena to the Georgia Department of Corrections (GDOC) asking that it provide Defendant's current address to the Clerk of Court for the United States District Court, Middle District of Georgia. (Mot. for Continuance 1 & Ex. A, ECF No. 17.)  The Georgia Department of Corrections refused to provide Defendant Castillo's address.  (Mot. for Continuance Ex. A.)  Plaintiff was thereafter given an additional sixty days within which to procure and serve another subpoena.  He was given specific instructions on how to serve the subpoena and the information that should be contained therein.  Additionally, Plaintiff was told to promptly notify the Court if the GDOC failed to provide him or the Court with Defendant Castillo's address.  (Order 2, Oct. 18, 2013, ECF No. 18.)

This case then sat stagnant for almost a year without any pleadings, motions, or updates from the Plaintiff.  Thus, on October 9, 2014, the Court issued an order directing Plaintiff to respond and show cause why his Complaint should not be dismissed for failure to comply with the Court's previous orders.  (Order 1-2, Oct. 9, 2014, ECF No. 19.)  Plaintiff has likewise failed to respond to the order to show cause.  Consequently, the Court recommends dismissal of Plaintiff's Complaint without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to prosecute and failure to comply with the Court's orders.  *See* Fed. R. Civ. P. 41(b); *see also Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may *sua sponte* dismiss an action pursuant to Federal Rules of Civil Procedure Rule 41(b)); *Smith*

*v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) ("[T]he district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order.").

Wherefore, it is recommended that Plaintiff's Complaint be dismissed without prejudice as discussed above. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 29th day of October, 2014.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE